Christine N. Moore, OSB No. 060270
cmoore@lbblawyers.com
Landye Bennett Blumstein LLP
1300 SW 5th Avenue, Suite 3500
Portland, OR 97201
Telephone: (503) 224-4100
Facsimile: (503) 224-4133

Vincent Norwillo
Vincent_Norwillo@gshllp.com
Gonzalez Saggio & Harlan LLP
526 Superior Avenue, Suite 620
Cleveland, OH 44114

Attorneys for Defendant Diversified Labor
Support LLC

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRANK SICA, an individual,<br><br>     Plaintiff,<br><br>    v.<br><br>DIVERSIFIED LABOR SUPPORT LLC, a<br>foreign limited liability company,<br><br>     Defendant. | No. _____<br><br>**NOTICE OF REMOVAL**<br>**By Defendant DIVERSIFIED LABOR**<br>**SUPPORT LLC, a foreign limited liability**<br>**company**<br><br>**Multnomah County Circuit Court**<br>**Case No. 1402-02418** |

PLEASE TAKE NOTICE that defendant Diversified Labor Support LLC removes this action to the United States District Court for the District of Oregon from the Circuit Court of the State of Oregon for the County of Multnomah, pursuant to 28 USC §§ 1441, 1446. The removal is based on the following grounds:

### STATE COURT ACTION

1.      On or about February 25, 2014, plaintiff Frank Sica filed an action in Multnomah

Page 1 -   NOTICE OF REMOVAL

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100 0 503.224-4133 (facsimile)

791817.DOC.15328-001

County Circuit Court entitled *Frank Sica, an individual, Plaintiff v. Diversified Labor Support LLC, a foreign limited liability company, Defendant,* Case No. 1402-02418. Defendant was served on or about April 11, 2014. A true and accurate copy of the Summons and Complaint as served on defendant are attached as Exhibit 1. The Summons and Complaint constitute all the relevant process and pleadings served on any party in the state court action.

2.       Plaintiff alleges claims under the Fair Labor Standards Act of 1938, 29 USC §§ 201-219 and Oregon wage claim statutes.

### ACTION REMOVABLE

7.       This action is removable to this court under 28 USC § 1441(a) because this court would have had original jurisdiction over plaintiff's claims had plaintiff elected to file the action initially in federal court. This court is the district court of the United States for the district embracing the place where such action is pending.

8.       This Notice of Removal is timely pursuant to 28 USC § 1446(b) because it was filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

DATED this 9th day of May, 2014.

LANDYE BENNETT BLUMSTEIN LLP

By: /s/ Christine N. Moore
   Christine Moore, OSB #060270
   Of Attorneys for Defendant

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100 ◊ 503.224.4133 (facsimile)

*791817.DOC.15328-001*

## IN THE CIRCUIT COURT FOR THE STATE OF OREGON
## FOR THE COUNTY OF MULTNOMAH

FRANK SICA, an individual,

                          Plaintiff,

          v.

DIVERSIFIED LABOR SUPPORT LLC, a foreign limited
liability company,

                          Defendant.

Case No.  1402-02418

**SUMMONS**

TO:    **DIVERSIFIED LABOR SUPPORT LLC**

      IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the Complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the Complaint.

## NOTICE TO DEFENDANT:
## READ THESE PAPERS CAREFULLY

      You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

      **If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.**

      Leslie E. Baze, OSB 103326, WSB 45781
      lbaze@wageclaim.org
      Attorney for Plaintiff
      10013 NE Hazel Dell Ave. #178
      Vancouver, WA 98685  (360) 566-9243

**STATE OF WASHINGTON, County of Clark ) ss**
      I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

      Leslie E. Baze, OSB 103326, WSB 45781
      lbaze@wageclaim.org
      Attorney for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:**    You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

      Leslie E. Baze, OSB 103326, WSB 45781
      lbaze@wageclaim.org
      Attorney for Plaintiff

SCHUCK LAW, LLC
Attorneys at Law
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

Exhibit 1
1 of 11

COPY

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| FRANK SICA, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>DIVERSIFIED LABOR SUPPORT LLC, a<br>foreign limited liability company,<br><br>                Defendant. | Case No. ___1402-02418___<br><br>COMPLAINT (Wage Claim)<br><br>Claims Between $10,001 and $49,999<br><br>Subject to Mandatory Arbitration<br><br>JURY TRIAL DEMANDED |

Comes now the Plaintiff, Frank Sica, by and through the attorneys at Schuck Law LLC, and states and alleges as follows:

1.

At all times material herein, Plaintiff was employed by Defendant in the State of Oregon.

2.

At all times material herein, the Defendant was a foreign limited liability company.

3.

At all times material herein, Defendant was doing business in Multnomah County in Oregon.

4.

The Circuit Court of Oregon has personal jurisdiction over Defendant because it is engaged in substantial and not isolated activities within this state, because the events set forth in this complaint occurred in Oregon and because the claims arise out of services actually performed by Plaintiff for the Defendant within Oregon.

Page 1 - Complaint

Exhibit 1
2 of 11

5.

Plaintiff was an at-will employee and was not contracted to work for any specific period of time.

6.

Plaintiff began working for Defendant on or about September 2013.

7.

Plaintiff's employment for Defendant ended on or about October 5, 2013.

8.

On or about November 21, 2013, Plaintiff made a written demand to Defendant to pay all Plaintiff's wages.

9.

Defendant failed to pay all wages due within 12 days of Plaintiff's written demand.

10.

On or about February 17, 2014, Plaintiff's attorney sent written notice of the wage claim to Defendant.

11.

Defendant agreed to pay Plaintiff at the hourly rate of $27.00, plus a per-diem amount of $70.00 per day, and a travel amount of $200.00.

### FIRST CLAIM FOR RELIEF

(Oregon Overtime Wages, Civil Penalty)

12.

Plaintiff re-alleges all paragraphs as though fully alleged herein.

13.

At all times material herein, Plaintiff was employed by Defendant in the State of Oregon.



*why not pay?*

Page 2 - Complaint

SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

Exhibit 1
3 of 11

14.

During the course of Plaintiff's employment, Defendant allowed, suffered, and permitted Plaintiff to work hours in excess of 40 hours per week.

*overtime*

15.

Pursuant to ORS 653.261 and OAR 839-020-0030, Defendant was required to pay Plaintiff at the rate of 1 ½ times Plaintiff's regular rate of pay those hours worked in excess of 40 hours per week, when those wages were due.

16.

Defendant failed and refused to pay Plaintiff for the hours of overtime worked, when those wages were due, and there remain due and unpaid overtime wages in an amount to be determined.

17.

Defendant was required to pay Plaintiff for all hours worked on Plaintiff's next regularly scheduled pay day under ORS 652.120 and ORS 653.010.

18.

Defendant failed and refused to pay Plaintiff for all overtime hours worked, when those wages were due, and there remain due and unpaid overtime wages in an amount to be determined after discovery, but not less than $1,458.00.

19.

In failing to pay Plaintiff for all overtime hours worked at the rate of 1 ½ times Plaintiff's regular rate of pay, Defendant's actions were willful.

20.

Because of Defendant's failure to pay Plaintiff for the overtime hours worked, Plaintiff, pursuant to ORS 653.055(1)(b), is entitled to a civil penalty as computed by ORS 652.150.

Page 3 - Complaint

SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

Exhibit 1
4 of 11

21.

Plaintiff has been required to bring this action to recover overtime earnings and penalties, and is entitled to recover costs, disbursements, and a reasonable sum for attorney fees, pursuant to ORS 653.055(4) and ORS 652.200.

22.

Plaintiff seeks overtime wages in an amount to be determined, plus a civil penalty as determined per ORS 653.055(1)(b), and Plaintiff's costs, disbursements, and attorneys' fees per ORS 655.055(4) and ORS 652.200.

## SECOND CLAIM FOR RELIEF

### (FLSA Overtime, Liquidated Damages)

23.

Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

24.

Defendant is subject to the requirements of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

25.

During the three-year period of employment before filing of this case, Defendant allowed, suffered and permitted Plaintiff to perform work in excess of 40 hours per week for the benefit of Defendant.

26.

Defendant failed to pay Plaintiff 1 ½ times the regular hourly rate for the hours Plaintiff worked in excess of 40 hours for a single workweek as required by the FLSA.

27.

Defendant failed to pay overtime wages and premium wages to Plaintiff as required by the FLSA, and unpaid overtime wages remain due in an amount to be determined, but not less than $1,458.00.

Page 4 - Complaint

28.

Defendant was required to pay Plaintiff for all hours worked on Plaintiff's next regularly scheduled pay day under the FLSA.

29.

Defendant's conduct in failing to pay overtime wages and premium wages as alleged herein was willful.

30.

Plaintiff seeks damages in the form of overtime wages and overtime premium wages in amounts to be determined, but not less than $1,458.00. In addition, Plaintiff seeks liquidated damages under the FLSA; plus pre-judgment and post-judgment interest on all damage amounts; plus costs and attorney fees under the FLSA. 29 USC 216(b).

## THIRD CLAIM FOR RELIEF

(FLSA Minimum Wage, Liquidated Damages)

31.

Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

32.

Defendant is subject to the requirements of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

33.

During the three-year period of employment before the filing of this case, Defendant allowed, suffered, and permitted Plaintiff to perform work for the benefit of Defendant.

34.

Defendant failed to pay Plaintiff at the then-required minimum wage rate for all hours worked as required by the FLSA, and there remain due unpaid wages in an amount to be determined, but not less than $4,798.00.

///

Page 5 - Complaint

35.

Defendant was required to pay Plaintiff's minimum wages for all hours worked on Plaintiff's next regularly scheduled pay day under the FLSA.

36.

Defendant failed to pay Plaintiff any wages on payday.

37.

Defendant's conduct in failing to pay minimum wages as alleged herein was willful, and there remain due and unpaid overtime wages in amounts to be determined, but not less than $4,798.00.

38.

Plaintiff seeks damages under the FLSA in the form of unpaid minimum wages in amounts to be determined; liquidated damages in amounts to be determined; pre- and post-judgment interest on all damage amounts; and costs and attorneys' fees. 29 USC 216(b).

### FOURTH CLAIM FOR RELIEF

(Late Payment at Termination Claim)

39.

Plaintiff re-alleges all paragraphs as though fully alleged herein.

40.

During the course of Plaintiff's employment, Defendant allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendant.

41.

Defendant agreed to pay Plaintiff at the hourly rate of $27.00, plus a per-diem rate of $70.00 per day, plus a travel amount of $200.00.

42.

Plaintiff's employment for Defendant ended on or about October 5, 2013.

///

Page 6 - Complaint

SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

Exhibit 1
7 of 11

43.

Plaintiff quit his employment on or about October 5, 2013.

44.

Defendant failed to pay Plaintiff all wages as set out above, and wages remain due and owing to Plaintiff.

45.

Plaintiff has never received any of the wages and compensation due and owing to him.

46.

Defendant failed to make payment of all of Plaintiff's earned wages when due and when required by ORS 652.140.

47.

In failing to pay all of Plaintiff's final wages at termination, Defendant was a free agent.

48.

In failing to pay all of Plaintiff's final wages at termination, Defendant determined its own actions.

49.

In failing to pay all of Plaintiff's final wages at termination, Defendant was not responsible to, nor coerced by any other person, or entity, or authority.

50.

Defendant knew Plaintiff's employment for Defendant had ended.

51.

Defendant possessed all information regarding the hours worked by Plaintiff and the amount of wages due to Plaintiff at termination.

52.

Defendant was capable of paying all Plaintiff's wages earned and due at termination.

Page 7 - Complaint

SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

Exhibit 1
8 of 11

53.

Defendant's failure to make payment of Plaintiff's final wages when due was wilful and continued for not less than 30 days.

54.

On or about November 21, 2013, Plaintiff made a written demand to Defendant to pay all Plaintiff's wages.

55.

Defendant failed to pay all wages due within 12 days of Plaintiff's written demand.

56.

On or about February 17, 2014, Plaintiff's attorney sent written notice of the wage claim to Defendant.

57.

Defendant failed to pay all wages due within 12 days of the written demand.

58.

Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of not less than $6,480.00, pursuant to ORS 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days.

59.

Because of Defendant's failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorneys' fees, all pursuant to ORS 652.200.

60.

Plaintiff seeks statutory wages pursuant to ORS 652.150, and costs, disbursements and attorney fees, pursuant to ORS 652.200.

///

///

Page 8 - Complaint

SCHUCK LAW, LLC
10013 NE Hazel Dell Avenue #178 • Vancouver, WA 98685
Tel (360) 566-9243 • Fax (503) 575-2763

Exhibit 1
9 of 11

1

2     **WHEREFORE**, Plaintiff demands judgment from Defendant:

3 **Upon Plaintiff's claim for relief for failing to pay Oregon overtime wages:**

4   1.     Unpaid overtime wages in an amount to be determined, but not less than $1,458.00.

5   2.     Civil penalty per ORS 653.055(1)(b) and ORS 652.150 in an amount to be

6        determined, but not less than $7,460.00.

7   3.     Attorney fees, costs, disbursements, and pre- and post-judgment interest in the amount

8        of 9% per annum incurred herein, pursuant to ORS 653.055(4), ORS 652.200, and

9        ORS 82.010.

10 **Upon Plaintiff's claim for relief for failing to pay FLSA overtime wages:**

11   1.     Unpaid overtime wages in an amount to be determined, but not less than $1,458.00.

12   2.     Liquidated damages per 29 USC 216(b).

13   3.     Pre-judgment and post-judgment interest on all damage amounts; plus costs,

14        disbursements, and attorney fees under the FLSA. 29 USC 216(b); ORS 82.010.

15 **Upon Plaintiff's claim for relief for failing to pay FLSA minimum wages:**

16   1.     Unpaid wages in an amount to be determined, but not less than $4,798.00.

17   2.     Liquidated damages per 29 USC 216(b).

18   3.     Pre-judgment and post-judgment interest on all damage amounts; plus costs,

19        disbursements, and attorney fees under the FLSA. 29 USC 216(b); ORS 82.010.

20 **Upon Plaintiff's claim for relief for failing to timely pay all wages on termination:**

21   1.     Unpaid wages in an amount to be determined, but not less than $4,798.00.

22   2.     Statutory penalties pursuant to ORS 652.150 in an amount to be determined, but not

23        less than $7,460.00.

24   3.     Pre-judgment and post-judgment interest on all damage amounts, plus costs,

25        disbursements, and attorney fees pursuant to ORS 652.200 and ORS 82.010.

26 *///*

---

Page 9 - Complaint

1 | Upon any counterclaim or defense asserted by Defendant without a objectively
2 | reasonable basis, or where Defendant disobeys a court order:
3 | 1.  Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.
4 |
5 |                    DATED: February 25, 2014.
6 |
7 |
8 |                    Leslie E. Baze, OSB 103326, WSB 45781
     |                    lbaze@wageclaim.org
9 |                    Attorney for Plaintiff
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |

Page 10 - Complaint

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2014, I served the foregoing **NOTICE OF REMOVAL**

**by Defendant DIVERSIDIFED LABOR SUPPORT LLC** on the following individual:

Leslie E. Baze
Schuck Law, LLC
10013 NE Hazel Dell Avenue, #178
Vancouver, WA 98685
lbaze@wageclaim.org

by the following indicated method or methods on the date set forth below:

☐    CM/ECF system transmission.

☒    E-Mail (courtesy only). As required by LR 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☐    Facsimile communication device.

☒    First class mail, postage prepaid.

☐    Hand-delivery.

☐    Overnight courier, delivery prepaid.

LANDYE BENNETT BLUMSTEIN LLP

_____
Kathy Baker, Assistant to
Christine N. Moore, OSB 060270
Of Attorneys for Defendant Diversified Labor
Support LLC, a foreign limited liability company